FILED US District Court-UT
DEC 14 '22 PM 02:31

TRINA A. HIGGINS, United States Attorney (#7349)
SETH NIELSEN, Special Assistant United States Attorney (#13823)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

# SEALED

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Count 1: 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute Methamphetamine (All Defendants); |
| vs. | Count 2: 18 U.S.C. §§ 1956(h), Conspiracy to Commit Money Laundering (NOBLE, MADSEN, and GONZALEZ); |
| CAILE NOBLE, NEIL REEDY, JOHN SHIELDS, DENNIS MADSEN, MICHAEL ODOM, CHELSIE HUGGINS, CHANCY RICHARDS, DEBBIE SHIELDS, ROBERT PATTERSON, JAMES DUFFY, and GADDIEL ALEJANDRO GONZALEZ, | Count 3: 21 U.S.C. § 841(a)(1), Possession of Methamphetamine with Intent to Distribute (NOBLE and ODOM); Count 4: 21 U.S.C. § 841(a)(1), Possession of Methamphetamine with Intent to Distribute (NOBLE); Count 5: 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute (NOBLE); Count 6: 21 U.S.C. § 841(a)(1), Possession of Methamphetamine with Intent to Distribute (NOBLE and John SHIELDS); Count 7: 21 U.S.C. § 841(a)(1), Possession of Methamphetamine with Intent to Distribute (NOBLE and REEDY); and Count 8: 18 U.S.C. § 1957(a), Money Laundering Transactions (NOBLE). |
| Defendants. | |

Case: 2:22-cr-00491
Assigned To : Stewart, Ted
Assign. Date : 12/13/2022

The Grand Jury charges:

## COUNT 1
### 21 U.S.C. §§ 841(a)(1) and 846
[Conspiracy to Distribute Methamphetamine]

Beginning at a date unknown, but not later than July 1, 2022, and continuing through at least November 30, 2022, in the District of Utah and elsewhere,

CAILE NOBLE,
NEIL REEDY,
JOHN SHIELDS,
DENIS MADSEN,
MICHAEL ODOM,
CHELSIE HUGGINS,
CHANCY RICHARDS,
DEBBIE SHIELDS,
ROBERT PATTERSON,
JAMES DUFFY, and
GADDIEL ALEJANDRO GONZALEZ,

defendants herein, did knowingly and intentionally conspire with each other and with others known and unknown to distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846, and punishable pursuant 21 U.S.C. § 841(b)(1)(A).

## COUNT 2
### 18 USC 1956(h)
[Conspiracy to Launder Money]

Beginning on a date unknown, and at least as far back as July 1, 2022, and continuing to on or about November 30, 2022, in the District of Utah, and elsewhere,

CAILE NOBLE,
GADDIEL ALEJANDRO GONZALEZ,
and DENIS MADSEN,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree

with others known and unknown to commit the following offenses against the United States of

America in violation of 18 U.S.C. § 1956:

(a)     to knowingly conduct and attempt to conduct financial transactions, affecting

interstate or foreign commerce, which involved the proceeds of a specified unlawful

activity, specifically, the illegal distribution of controlled substances, in violation of

21 U.S.C. §§ 841(a)(l) and 846, with the intent to promote the carrying on of specified

unlawful activity, that is, the illegal distribution of controlled substances, and that

while conducting and attempting to conduct such financial transactions knew that the

property involved in the financial transactions represented the proceeds of some form

of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(l)(A)(i);

(b)     to knowingly conduct and attempt to conduct financial transactions, affecting

interstate or foreign commerce, which involved  the proceeds of specified unlawful

activity, specifically, the unlawful distribution of controlled substances, in violation of 21

U.S.C. §§ 841(a)(l) and 846, knowing that the transactions were designed in whole or in

part to conceal and disguise the nature, location, source, ownership, and control of the

proceeds of specified unlawful activity, and that while conducting and attempting to

conduct such financial transactions, knew that the property involved in the transactions

represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§

1956(h) and 1956(a)(l )(B)(i);

(c)     to transport, transmit, and transfer, and attempt to transport, transmit, and transfer

funds from a place in the United States to and through a place outside the United States

or to a place in the United States from or through a place outside the United States, with

3

the intent to promote the carrying on of specified unlawful activity, that is, the unlawful

distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(l) and 846, all in

violation of 18 U.S.C. §§ 1956(h) and 1956(a)(2)(A); and

(d)      to transport, transmit, and transfer, and attempt to transport, transmit, and transfer

funds from a place in the United States, that is the State of Utah, to and through a place

outside the United States, that is Mexico, and knowing that the monetary instruments or

funds involved in the transportation, transmission, and transfer represented the proceeds

of some form of unlawful activity, that is, the unlawful distribution of a controlled

substance in violation of 21 U.S.C. §§ 841(a)(l) and 846 and knowing that such

transportation was designed in whole or in part to conceal and disguise the nature,

location, source, ownership, and control of the proceeds of specified unlawful activity; in

violation of 18 U.S.C. §§ 1956(h) and 1956(a)(2)(B)(i).

### <u>COUNT 3</u>
### 21 U.S.C. § 841(a)(1)
[Possession of Methamphetamine with Intent to Distribute]

On or about October 3, 2022, in the District of Utah,

CAILE NOBLE, and
MICHAEL ODOM,

defendants herein, did knowingly and intentionally possess with intent to distribute fifty (50)

grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a

Schedule II controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet

therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21

U.S.C. § 841(b)(1)(B).

4

## COUNT 4
### 21 U.S.C. § 841(a)(1)
[Possession of Methamphetamine with Intent to Distribute]

On or about October 22, 2022, in the District of Utah,

CAILE NOBLE,

defendant herein, did knowingly and intentionally possess with intent to distribute five hundred

(500) grams or more of a mixture or substance containing a detectable amount of

Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all

in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

## COUNT 5
### 21 U.S.C. § 841(a)(1)
[Possession of Cocaine with Intent to Distribute]

On or about October 22, 2022, in the District of Utah,

CAILE NOBLE,

defendant herein, did knowingly and intentionally possess with intent to distribute five hundred

(500) grams or more of a mixture or substance containing a detectable amount of Cocaine, a

Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21

U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 6
### 21 U.S.C. § 841(a)(1)
[Possession of Methamphetamine with Intent to Distribute]

On or about November 12, 2022, in the District of Utah,

CAILE NOBLE, and
JOHN SHIELDS,

defendants herein, did knowingly and intentionally possess with intent to distribute fifty (50)

grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a

Schedule II controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet

therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21

U.S.C. § 841(b)(1)(B).

## COUNT 7
### 21 U.S.C. § 841(a)(1)
[Possession of Methamphetamine with Intent to Distribute]

On or about November 30, 2022, in the District of Utah,

CAILE NOBLE, and
NEIL REEDY,

defendants herein, did knowingly and intentionally possess with intent to distribute five hundred

(500) grams or more of a mixture or substance containing a detectable amount of

Methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812 and

did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable

pursuant to 21 U.S.C. § 841(b)(1)(A).

## COUNT 8
### 18 USC 1957(a)
[Money Laundering Transactions]

On approximately July 27, 2022, July 29, 2022, and September 23, 2022, in the District

of Utah,

CAILE NOBLE,

the defendant herein, knowingly engaged in a monetary transaction involving funds that were the

proceeds of criminally derived property in excess of $10,000, to wit, the cash deposits into

America First Credit Union account# XX6834 of $45,960 and $51,020, and the purchase of

cashier's check# 050170562 for $40,500 and cashier's check# 050172288 for $50,000, and were

derived from a specified unlawful activity, specifically,

i.  the illegal buying, selling, and dealing in controlled substances as detailed in COUNT

1 above, in violation of 21 U.S.C. §§ 841(a)(l) and 846.

## NOTICE OF SENTENCING ENHANCEMENT

Before defendant CAILE NOBLE committed the offenses charged in Counts 1, 3, 4, 5, 6,

and 7 in this indictment, he was convicted of Possession with Intent to Distribute

Methamphetamine in the United States District Court for the District of Utah, case number 2:03-cr-

00088-TS, judgement date of March 14, 2005, for which he served more than 12 months of

imprisonment and for which he was released from serving any term of imprisonment related to that

offense within 15 years of the commencement of the instance offense.  This notice is pursuant to

21 U.S.C. § 851(a)(1).

Before defendant GADDIEL ALEJANDRO GONZALEZ committed the offense charged

in Count 1 in this indictment, he was convicted of Conspiracy to Possess with Intent to Distribute

a Controlled Substance in the United States District Court for the Eastern District of Texas,  case

number 4:13-cr-00279-SDJ, judgement date of September 19, 2014, for which he served more

than 12 months of imprisonment and for which he was released from serving any term of

imprisonment related to that offense within 15 years of the commencement of the instant offense.

This notice is pursuant to 21 U.S.C. § 851(a)(1).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 21 U.S.C. § 853, upon conviction of any offense violating 21 U.S.C. §§ 841

and 846, the defendant shall forfeit to the United States of America any property constituting, or

derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, the offense(s).  The property to be forfeited includes, but is not limited to:

7

- $4,080.00 in U.S. Currency seized from Debbie SHIELDS;

- $7,770.00 in U.S. Currency seized from Caile NOBLE;

- $11,873.00 in U.S. Currency seized from Neil REEDY;

- $704.00 in U.S. Currency seized from Debbie SHIELDS;

- $1,000.00 in U.S. Currency seized from Caile NOBLE;

- Property located at 6513 South Redwood Road, Taylorsville, UT, 84123;

- A MONEY JUDGMENT equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- $4,080.00 in U.S. Currency seized from Debbie SHIELDS;

- $7,770.00 in U.S. Currency seized from Caile NOBLE;

- $11,873.00 in U.S. Currency seized from Neil REEDY;

- $704.00 in U.S. Currency seized from Debbie SHIELDS;

- $1,000.00 in U.S. Currency seized from Caile NOBLE;

- Property located at 6513 South Redwood Road, Taylorsville, UT, 84123;

- A MONEY JUDGMENT equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

8

- Substitute property as allowed by 21 U.S.C. § 853(p).

**GRAND JURY'S PROBABLE CAUSE FINDING REGARDING FORFEITURE**

The Grand Jury finds probable cause to believe that:

1) Defendants have committed the crimes specified in the above forfeiture notice;

2) The following property 1) constituted or derived from proceeds traceable to the intent to distribute a controlled substance, or 2) is involved in money laundering or property traceable to property involved in money laundering; and

3) In the event of the defendants' convictions such property would be subject to forfeiture.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
SETH NIELSEN
Special Assistant United States Attorney

9