FELICE JOHN VITI, Acting United States Attorney (7007)
SETH NIELSEN, Assistant United States Attorney (13823)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
(801) 524-5682 | Travis.Elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>CAILE NOBLE,<br><br>  Defendant. | **MOTION FOR ORDER OF FORFEITURE**<br><br>Case No. 2:22-CR-00491-TS<br><br>Senior Judge Ted Stewart |

Pursuant to Fed. R. Crim. P. 32.2(b) and 21 U.S.C. § 853(a), the United States of America moves the Court to enter an Order of Forfeiture, and in support states:

1. On December 14, 2022, the United States charged CAILE NOBLE, in Count One, with Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and in Count Two, with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). Indictment, ECF 40. The indictment notified the defendant that upon conviction, the United States would seek forfeiture of any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense and property used, or intended to be used, in any manner or part, to facilitate the offense under 21 U.S.C. § 853(a); and any property, real or personal, involved in such offense, or any property traceable to such property under 18 U.S.C. §

982(a)(1). *Id*. On January 19, 2024, the government filed a bill of particulars that updated the list of assets the government is seeking to forfeit in this case. ECF 246.

2. The property to be forfeited (Subject Property) includes:

- $90,515.21 in lieu of the Real Property located at 6513 S. Redwood Rd, Taylorsville, UT 84123.

3. Before the court can enter an order forfeiting the Subject Property, it must find a "nexus between the property and the offense" under Fed. R. Crim. P. 32.2(b)(1)(A). As provided for in Fed. R. Crim. P. 32.2(b)(1)(B), the court may make its nexus determination by considering: (1) "evidence already in the record, including any written plea agreement;" and (2) "any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."

4. On April 3, 2025, the defendant pleaded guilty. *See* Plea Hr'g Min. Entry, ECF 335. As part of the Defendant's Statement in Advance of Guilty Plea filed on April 4, 2025, the defendant agreed to forfeit the Subject Property. ECF 338 at 7, 8. Before the court can enter an order forfeiting the Subject Property, it must find a "nexus between the property and the offense" under FED. R. CRIM. P. 32.2(b)(1)(A). As provided for in FED. R. CRIM. P. 32.2(b)(1)(B), the court may make its nexus determination by considering: (1) "evidence already in the record, including any written plea agreement;" and (2) "any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." The defendant described the nexus between the Subject Property and the offense including that he and his co-conspirators conducted transactions, and he

assisted the money laundering of drug proceeds by receiving cash from end-users customers and supplying then with Methamphetamine. *Id*. at 4-5.

5.   As contemplated by Fed. R. Crim. P. 32.2(c)(2), the proposed order provides that it will become the final order of forfeiture if no third parties file petitions claiming an interest in the forfeited property. For a preliminary order to become a final order, the Court must find that the defendant, or any combination of defendants, "had an interest in the property that is forfeitable under the applicable statute." Fed. R. Crim. P. 32.2(c)(2). In the plea agreement, the defendant admitted that the Subject property is proceeds and he and his co-conspirators conducted financial transactions using proceeds obtained from the defendant's sales of illegal narcotics to promote the further distribution of Methamphetamine, and admitted that his conduct violated 18 U.S.C. § 1956(h). ECF 338 at 4-5. This interest is one that is subject to forfeiture under 21 U.S.C. § 853(a).

6.   Under Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(2)(A), if the Court determines that the United States has made the required showing under the statute authorizing forfeiture noted above, the Court must enter an order forfeiting the property without regard to any third-party interest.

7.   Based on the defendant's statement in advance of plea and guilty plea and under 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a), the defendant committed an offense for which forfeiture is authorized, the requisite nexus between the Subject Property and the offense is present, and the defendant has a forfeitable interest in the Subject Property.

Accordingly, the United States requests that the Court so find and order all right, title, and interest in the Subject Property forfeited to the United States.

8.      Under Fed. R. Crim. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

9.      In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n). Prior to becoming final as to third parties, the order requires the United States to comply with various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

10.     Therefore, the United States asks the Court to enter the enclosed order of forfeiture and, as required by Fed. R. Crim. P. 32.2(b)(4)(B), to orally announce the forfeiture at the defendant's sentencing with a reference to the forfeiture order in the judgment.

Respectfully submitted,

FELICE JOHN VITI
Acting United States Attorney


/s/ **Travis K. Elder**
TRAVIS K. ELDER
Assistant U.S. Attorney