UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CAILE NOBLE,<br><br>　　　　　　　　　Defendant. | **ORDER OF FORFEITURE**<br><br>Case No. 2:22-CR-00491-TS<br><br>Senior Judge Ted Stewart |

Based on the government's Motion for Order of Forfeiture, and good cause appearing, the Court GRANTS the motion, and FINDS:

Considering the defendant's plea of guilty to Counts One and Two of the Indictment charging the defendant with Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and in Count Two, with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), the defendant must forfeit to the United States any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense and property used, or intended to be used, in any manner or part, to facilitate the offense under 21 U.S.C. § 853(a).

Based on the government's motion, the defendant's plea of guilty, and the statement in advance of plea, the property to be forfeited (Subject Property) includes:

- $90,515.21 in lieu of the Real Property located at 6513 S. Redwood Rd, Taylorsville, UT 84123.

Pursuant to FED. R. CRIM. P. 32.2(b)(1)(A) and 32.2(b)(2)(A), the Subject Property is subject to forfeiture under 21 U.S.C. § 853(a) because the United States has established the requisite nexus between the property and the offense. Pursuant to FED. R. CRIM. P. 32.2(c)(2), the defendant had an interest in the Subject Property that is also forfeitable under that same provision.

Accordingly, IT IS HEREBY ORDERED:

Pursuant to 21 U.S.C. § 853(a) and FED. R. CRIM. P. 32.2(b), all right, title, and interest in the Subject Property is forfeited to the United States of America.

Under FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the Subject Property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

Under 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of

notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claims, and the relief sought.

Under FED. R. CRIM. P. 32.2(c)(1)(B), after the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

Under FED. R. CRIM. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under FED. R. CRIM. P. 32.2(e).

SO ORDERED this 18th day of April, 2025.

BY THE COURT:

_____
TED STEWART
Senior United States District Court Judge